UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| THURL G. CORLE and<br>JEFFREY G. CORLE,<br>attorney in fact for Ruth Ann Corle, | )<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) CAUSE NO. 1:11-CV-227<br>) |
| ESTATE PLANNING AND<br>PRESERVATION, INC.,<br>DAWN-MARIE JOSEPH,<br>JOSEPH & ASSOCIATES, P.C.,<br>PAUL T. JOSEPH, AMANDA L. KLAISS,<br>JEFFREY D. STEFFENS and<br>ROBERT W. PICEC, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

## OPINION AND ORDER

On July 11, 2011, the Plaintiffs filed this lawsuit, broadly claiming that "28 U.S.C. § 1332 provides this Court with jurisdiction due to the parties' diversity of citizenship." (Compl. ¶ 1(c).) The Complaint alleges that "upon information and belief" that Defendants Dawn-Marie Joseph, Paul T. Joseph, Amanda L. Klaiss, Jeffrey D. Steffens, and Robert W. Picec are citizens of Michigan; Estate Planning and Preservation, Inc., is a Michigan corporation headquartered in Williamston, Michigan; and Joseph & Associates, P.C., is organized under the laws of Michigan. (Compl. ¶¶ 5-11.) The Plaintiffs' Complaint, however, fails to establish this Court's diversity jurisdiction.

To begin, "[a]llegations of federal subject matter jurisdiction may not be made on the basis of information and belief, only personal knowledge." *Yount v. Shashek*, 472 F. Supp. 2d 1055, 1057 n.1 (S.D. Ill. 2006); *Ferolie Corp. v. Advantage Sales & Mktg., LLC*, No. 04 C 5425, 2004 WL 2433114, at *1 (N.D. Ill. Oct. 28, 2004); *Hayes v. Bass Pro Outdoor World*, LLC, No. 02 C 9106, 2003 WL 187411, at *2 (N.D. Ill. Jan. 21, 2003); *Multi-M Int'l, Inc. v. Paige Med. Supply Co.*, 142

F.R.D. 150, 152 (N.D. Ill. 1992). The Plaintiffs, however, have improperly made their jurisdictional allegations on information and belief.

Furthermore, although the Plaintiffs allege that Defendant Estate Planning and Preservation is incorporated in Michigan, corporations "are deemed to be citizens of the state in which they are incorporated *and* of the state in which they have their *principal place of business*." *N. Trust Co. v. Bunge Corp.*, 899 F.2d 591, 594 (7th Cir. 1990) (emphasis added); *see* 28 U.S.C. § 1332(c)(1). A corporation's principal place of business is its "nerve center"—"the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 130 S.Ct. 1181, 1192-93 (2010). "And in practice [the nerve center] should normally be the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination." *Id*. Professional corporations are to be treated like any other corporation for purposes of determining diversity of citizenship. *Hoagland ex rel. Midwest Transit, Inc. v. Sandberg, Phoenix & von Gontard, P.C.*, 385 F.3d 737 (7th Cir. 2004).

Accordingly, the Plaintiffs are ORDERED to file an Amended Complaint on or before July 28, 2011, properly alleging the citizenship of the Defendants on personal knowledge. Failure to file an amended complaint on or before July 28, 2011, may result in dismissal of this case under Federal Rule of Civil Procedure 12(b)(1).

SO ORDERED.

Enter for July 14, 2011.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge