UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| THURL G. CORLE and <br> JEFFREY G. CORLE, attorney in fact <br> for Ruth Anna Corle, <br><br> *Plaintiffs* <br><br> v. <br><br> ESTATE PLANNING AND <br> PRESERVATION, INC., *et al.*, <br><br> *Defendants* | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | CAUSE NO. 1:11-CV-227 RM |

OPINION and ORDER

The court has "an independent obligation to examine [its] own jurisdiction, and standing 'is perhaps the most important of the jurisdictional doctrines.'" FW/PBS, Inc. v. City of Dallas, 493 U.S. 215, 230-31 (1990) (quoting Allen v. Wright, 468 U.S. 737, 750 (1984)).

> [T]he Supreme Court has held that a person may litigate another's rights in his own cause so long as three criteria are satisfied: (1) the litigant must have suffered an injury in fact; (2) the litigant must have a close relation to the third party; and (3) there must exist some hindrance to the third party's ability to protect his or her own interest. Powers v. Ohio, 499 U.S. 400, 410–11, 415, 111 S.Ct. 1364, 113 L.Ed.2d 411 (1991) (holding that a criminal defendant had standing to raise the equal protection rights of a would-be juror excluded from service by the prosecution).

Marin-Garcia v. Holder, 647 F.3d 666, 670 (7th Cir. 2011).

Jeffrey Corle filed suit in his own name, as "attorney in fact for Ruth Anna Corle," his mother, alleging that Mrs. Corle was injured as a result of fraud, negligence and legal malpractice on the part of Estate Planning and Preservation,

Inc., Joseph & Associates PC, and the individual defendants. He contends that he has standing as a result of a durable power of attorney executed by Mrs. Corle in 2005 [Exh 1 to Doc. No. 50], and that he doesn't need to show injury in fact if he can show that he has a close relationship to the injured party and that she isn't able to protect her rights. Citing W.R. Huff Asset Mgmt. Co., LLC v. Deloitte & Touche LLP, 549 F.3d 100, 108 (2d Cir. 2008); Hutchins v. District of Columbia, 144 F.3d 798, 803 (D.C. Cir. 1998); Reed v. Islamic Republic of Iran, 439 F.Supp.2d 53, 62 (D.D.C. 2006). The court understands the law differently.

While a valid assignment of a claim can satisfy the injury in fact requirement, *see* Sprint Communications Co, L.P. v. APCC Services, Inc., 554 U.S. 269, 283-89 (2008) (holding that an assignee who holds legal title to an injured party's claim has constitutional standing to pursue the claim in federal court, even if all proceeds from the litigation will be remitted to the assignor), "a mere power-of-attorney . . . does not confer standing to sue in the holder's own right because a power-of-attorney does not transfer an ownership interest in the claim." W.R. Huff Asset Mgmt. Co., LLC v. Deloitte & Touche LLP, 549 F.3d 100, 108 (2d Cir. 2008); Advanced Magnetics, Inc. v. Bayfront Partners, Inc., 106 F.3d 11, 17-18 (2d Cir. 1997). The cases Mr. Corle cites in support of standing, *i.e.*, Carry v. Population Services Int'l, 431 U.S. 678 (1977); Craig v. Boren, 429 U.S. 190 (1976); Eisenstadt v. Baird, 405 U.S. 438 (1972); Barrows v. Jackson, 346 U.S. 249 (1953); Hutchins v. District of Columbia, 144 F.3d 798, 803 (D.C. Cir. 1998); and Reed v. Islamic Republic of Iran, 439 F.Supp.2d 53, 62 (D.D.C. 2006), don't

hold otherwise.

Accordingly, the court find that Jeffrey G. Corle lacks standing to pursue third party claims in this case and ORDERS that those claims be DISMISSED. By the parties' agreement, plaintiff Thurl Corle shall have to and including July 13, 2012 to file a third amended complaint substituting Ruth Corle as a plaintiff.

SO ORDERED.

ENTERED:   June 4, 2012

 /s/ Robert L. Miller, Jr.
Judge
United States District Court